IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAY EMMER-LOVELL<br>13427 Fisher Road<br>Burton, Ohio 44021<br><br>-and-<br><br>REBECCA RUSSELL<br>13427 Fisher Road<br>Burton, Ohio 44021<br><br>*Plaintiffs,*<br><br>v.<br><br>ESTES EXPRESS LINES<br>3901 West Broad Street<br>Richmond, Virginia 23230<br><br>*Also Serve*<br><br>ESTES EXPRESS LINES<br>P.O. BOX 25612<br>Richmond, Virginia 23260<br><br>*Also Serve*<br><br>ESTES EXPRESS LINES<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>-and- | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON** |

**DAVID MANGRUM**
3901 West Broad Street
Richmond, Virginia 23230

*Also Serve*

**DAVID MANGRUM**
P.O. BOX 25612
Richmond, Virginia 23260

-and-

**JOHN DOES 1 THROUGH 5**
(Names and Addresses Currently Unknown)
Corporation(s), partnership(s), business entity(ies), or other individuals described in more detail herein.

*Defendants.*

NOW COME Plaintiffs, Jay Emmer-Lovell and Rebecca Russell, by and through counsel, and for their Complaint against Defendants, allege as follows.

**PARTIES, VENUE AND JURISDICTION**

1. At all times relevant herein, Plaintiffs were residents of Burton, Ohio and were husband and wife.

2. At all times relevant herein, Defendant Estes Express Lines (hereinafter "Estes") was and remains a for-profit corporation or other business entity organized and existing under the laws of the State of Virginia with its headquarters and principal place of business in Richmond, Virginia but actively engaging in and conducting business in the State of Ohio, which is where the activity giving rise to Plaintiffs' claims occurred or were conducted as more fully described below.

2

3. Upon information and belief, Defendant David Mangrum was an employee and/or agent of Defendant Estes and/or John Doe(s) Defendants 3-5 working within the course and scope of his employment or agency as a driver for Defendant Estes or John Doe(s) 3 through 5, and personally participated in the events or committed the acts and omissions in Middlefield, Ohio in Geauga County that give rise to Plaintiffs claims, as more fully described below.

4. At all times relevant herein, Defendants John Does 1 through 5 are corporations, partnerships, business entities or individuals engaged in the actions and failures more fully described below that caused or resulted in Plaintiffs' injuries and damages. The exact name(s), address(es) and identity(ies) of Defendants John Does 1 through 5 are presently unknown and could not be discovered with reasonable and due diligence prior to filing of this Complaint. Plaintiffs will seek leave to amend this Complaint to specifically name and identify these John Does Defendants 1 through 5 once their exact name(s), address(es), and identity(ies) are discovered, known and identified.

5. Upon information and belief, at all times relevant herein Defendant John Doe(s) 1 through 2 was/were working within the course and scope of his/her employment or agency as a driver for Defendant Estes or John Doe(s) 3 through 5, and personally participated in the events or committed the acts and omissions in Middlefield, Ohio in Geauga County that give rise to Plaintiffs' claims, as more fully described below.

6. At all times relevant herein, Defendants transacted business, engaged in tortious conduct, caused tortious injury, and otherwise established minimum contacts in the State of Ohio and more specifically Geauga County, Ohio.

3

7. Jurisdiction over this claim is provided to this Court under 28 U.S.C. §§ 1332 and/or 1367.

8. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions of one or more Defendants that give rise to Plaintiffs' claims occurred within Geauga County, Ohio.

## FIRST CAUSE OF ACTION

*Negligent, Reckless, Wanton and Malicious Misconduct of Defendant Estes, Defendant David Mangrum and Defendants John Doe(s) 1 through 5*

9. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Causes of Action as if fully rewritten herein.

10. At all times relevant herein, Plaintiff Jay Emmer-Lovell was a temporary employee and/or agent of Molten Metal Equipment Innovations, LLC located at 15510 Old State Road, Middlefield, Ohio.

11. On or about April 19, 2019, Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2 negligently and/or carelessly operated Defendant Estes's semi-tractor trailer with a conscious disregard for the safety of others by failing to engage the brakes and/or parking brakes and/or chock the wheels to insure the semi-tractor trailer was safe for loading while at the loading dock of Molten Metal Equipment Innovations, LLC.

12. At the same time Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2 negligently and/or carelessly failed to engage the brakes and/or parking brake and/or chock the wheels. Plaintiff was inside the trailer loading a delivery when the semi-tractor trailer began to roll away from the dock and toward a ditch.

4

13. Plaintiff realized the semi-tractor trailer was rolling toward the ditch and out of control and jumped from the rear of the moving semi-tractor trailer sustaining serious, debilitating and permanent injuries and damages described more fully below.

14. Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2's negligence and conscious disregard for the safety of others includes, without limitation: failing to inspect his/her equipment; failing to confirm the semi-tractor trailer was safe to load; failing to confirm the brakes and/or parking brake were engaged to prevent movement so the semi-tractor trailer would not roll away from the loading dock with Plaintiff inside; failing to insure the semi-tractor trailer wheels were chocked; failing to otherwise use reasonable care under the circumstances; and Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2 was/were otherwise negligent and acted with a conscious disregard for the safety of others as will be established at trial.

15. One or more of Defendant David Mangrum and/or Defendant John Doe(s) 1 through 5's actions and failures violated federal and/or state statutes designated to promote safety and were negligent *per se.*

16. At all times relevant herein Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2 was/were an employee or agent of or under the control of Defendant Estes or John Doe(s) 3 through 5 and was/were acting within the course and scope of that employment or agency or was/were acting in furtherance of a joint enterprise or venture with Defendant Estes or John Doe(s) 3 through 5 such that Defendants Estes and John Doe(s) 3 through 5 are responsible and/or derivatively responsible and liable for Defendant David Mangrum and/or Defendant John Doe(s) 1 through 2's negligence and conscious disregard for the safety of others under the doctrine of vicarious liability

including *respondeat superior* and principles of agency and is/are therefore jointly and severally liable for all of Plaintiffs' injuries, damages, harms and losses set forth herein.

17. As a direct and proximate result of the Defendants' negligence, conscious disregard for the safety of others and breach of the duties they owed as aforesaid and to be otherwise established at trial, Plaintiff Jay Emmer-Lovell sustained serious and long-lasting personal injuries and damages, including, without limitation: injuries to his left leg, left hip, left knee, back and numerous and various other injuries. Some or all of these injuries resulted in extreme physical, mental and emotional trauma, pain, suffering, scarring, discomfort and/or disability; all of which Defendants are liable for.

18. As a direct and proximate result of the Defendants' negligence, conscious disregard for the safety of others and breach of the duties they owed as aforesaid and to be otherwise established at trial, Plaintiffs have incurred (and will continue to incur) economic losses and out-of-pocket expenses including, but not limited to: prescription and medical supply expenses and charges, and fees and expenses related to prosecuting this action; all of which Defendants are liable for.

19. Plaintiff Jay Emmer-Lovell further states that as of the time of the aforementioned injuries, he was, and continues to be, the spouse of Plaintiff Rebecca Russell.

20. As a direct and proximate result of the injuries in which her spouse sustained as a result of Defendants' negligence, conscious disregard for the safety of others and breach of the duties they owed as aforesaid and to be otherwise established at trial, Plaintiff Rebecca Russell has been deprived of her spouses services and consortium.

21. As a further direct and proximate result of the injuries in which her spouse sustained as a result of Defendants' negligence, conscious disregard for the safety of others and breach

of the duties owed as aforesaid and to be otherwise established at trial, Plaintiff Rebecca Russell suffered a loss of income, a loss of or diminished working and earning capacity, and a loss of earning potential and capacity into the future.

22. Plaintiffs believe that some or all of their injuries, damages, harms and losses (including loss of consortium) as stated herein and to be otherwise established at trial are permanent or are long lasting and will continue into the indefinite future.

23. Plaintiffs further believe and therefore state that Defendants' actions and failures as aforesaid and to be otherwise established at trial demonstrate a conscious, reckless and/or flagrant disregard for the rights and safety of another person (including Plaintiffs) which had a great probability and virtual certainty of causing substantial harm, thereby also entitling Plaintiffs to an award of punitive damages, legal fees and litigation expenses.

24. Plaintiffs further believe and therefore state that if and to the extent Defendants authorized, participated in, or ratified acts or omissions of their employee(s) and/or agent(s) that constitute willful, wanton, intentional, deliberate and malicious misconduct, and/or demonstrate a conscious, reckless and/or flagrant disregard for the rights and safety of another person (including Plaintiffs) which had a great probability of causing substantial harm, then Plaintiffs are also entitled to an award of punitive damages, legal fees, and litigation expenses against Defendants.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor and against all Defendants jointly and severally, in an amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, reasonable attorney fees, costs, expenses pre-and post-

judgment interest and any and all other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,
*PLEVIN & GALLUCCI CO., L.P.A.*

*/s/ Fred S. Papalardo, Jr.*
Fred S. Papalardo, Jr. (0083189)
David R. Grant (0065436)
Frank L. Gallucci, III (0072680)
55 Public Square - Suite 2222
Cleveland, Ohio 44113
T: (216) 861-0804  F: (216) 861-5322
Email: fpapalardo@pglawyer.com
          dgrant@pglawyer.com
          fgallucci@pglawyer.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.

*/s/ Fred S. Papalardo, Jr.*
*PLEVIN & GALLUCCI CO., L.P.A.*
*Counsel for Plaintiffs*